# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                              Case No: 8:19-cr-00210-T-02CPT

AYSIA PROFIT

_____/

## ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

This matter comes to the Court on Defendant Aysia Profit's, Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 34. The United States filed a response in opposition. Dkt. 37. With the benefit of full briefing, the Court denies the Defendant's Motion for Compassionate Release.

### Legal Standard

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). The exception in 18 U.S.C. § 3582(c)(1)(A) provides that when a defendant has exhausted his or her administrative remedies the Court may exercise its discretion to reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if 1) extraordinary and compelling reasons warrant such a reduction and 2) such a

reduction is consistent with applicable policy statements. *United States v. Smith*, 8:17-CR-412-T-36AAS, 2020 WL 2512883, at *2 (M.D. Fla. May 15, 2020).

## Discussion

On June 3, 2019, Defendant was sentenced to two years imprisonment with one year of supervised release for violating the terms of her prior supervised release by committing wire fraud, bank fraud, obtaining property by false personation, making false statements, and various technical violations. Dkt. 32 at 1–4. Defendant nevertheless argues that COVID-19 presents an extraordinary and compelling reason to reduce her sentence or transfer her to home confinement. Dkt. 34 at 1.

As a preliminary matter, the Government argues that this Court has no authority to direct the Bureau of Prisons ("BOP") to place Defendant on home confinement. Dkt. 37 at 8–9. The Eleventh Circuit in *United States v. Calderon*, 801 F. App'x 730, 731–32 (11th Cir. 2020), held that district courts lack authority to grant early release under the Second Chance Act of 2008 as amended by the First Step Act of 2018. In reviewing a recent request for home confinement, like the one here, this Court interpreted *Calderon* as meaning "the Court has no authority to direct the [BOP] to place [the defendant] in home confinement because such decisions are committed solely to the BOP's discretion." *United States v. Staltare*, 8:14-CR-460-T-33TBM, 2020 WL 2331256, at *1 (M.D. Fla. May 11,

2020) (citing *Calderon*, 801 F. App'x at 730). Defendant cites no authority on which the Court can direct BOP to place her on home confinement. Dkt. 34. Without such authority, the Court cannot grant Defendant's request to transfer her to home confinement.

The Government further argues that Defendant has not exhausted her administrative remedies and is therefore ineligible for compassionate release consideration. Dkt. 37 at 12. While the Eleventh Circuit has not yet ruled on whether the administrative exhaustion requirement may be waived because of the unique circumstances of COVID-19, Courts in the Middle District of Florida have consistently held that it may not be waived. *United States v. Chappell*, No. 8:10-CR-134-T-33AEP, 2020 WL 2573404, at *2 (M.D. Fla. May 21, 2020); *Smith*, 2020 WL 2512883, at *5; *Staltare*, 2020 WL 2331256, at *2. Defendant has not alleged that she exhausted her administrative remedies, as such this motion must be denied. Dkt. 34.

Even if Defendant had exhausted her administrative remedies or the Court had authority to waive exhaustion, Defendant fails to demonstrate an extraordinary and compelling reason to reduce her sentence. Courts have held that, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." *U.S. v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020). Here Defendant alleges that she

suffers from sickle cell anemia. Under the Sentencing Commission's policy statement, a defendant's medical condition may create circumstances in which an extraordinary and compelling reason to warrant reduction exists. U.S.S.G. § 1B1.13. However, Defendant does not allege that her condition is terminal or that the steps taken by the BOP to mitigate the effects of COVID-19 have failed to meet her needs. Dkt. 34. Thus Defendant fails to demonstrate that her condition constitutes an extraordinary and compelling reason warranting relief. Further, the factors set forth for consideration under 18 U.S.C. § 3553(a) only serve to undermine Defendant's argument. The Court therefore chooses to exercise its discretion by denying Defendant's motion on the merits irrespective of Defendant's failure to exhaust all available administrative remedies. Dkt. 37 at 12.

## Conclusion

The Court denies Defendant's Motion for Compassionate Release, Dkt. 34, without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on June 10, 2020.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO:**</u>
Counsel of Record
Defendant, pro se

4